EVAN LIVINGSTONE, SBN 252008
LAW OFFICE OF EVAN LIVINGSTONE
2585 Sebastopol Rd, Unit 7265
Santa Rosa, CA 95407
Phone (707) 206-6570
Fax (707) 676-9112
Email: evanmlivingstone@gmail.com

Attorney for Debtor Stephanie Ann Chitwood

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| IN RE: STEPHANIE ANN CHITWOOD DEBTOR | CASE NO. 24-23447-A-13C<br>DCN: EML-1<br><br>**MOTION TO VALUE SECURED CLAIM OF M & T BANK AT $87,489**<br><br>DATE: November 19, 2024<br>TIME: 9:00 AM<br>JUDGE: Hon. Fredrick E. Clement<br>PLACE: Courtroom 28, 7th Floor<br>501 I St, Sacramento, CA 95814 |
|---|---|

TO SECURED CREDITOR M & T BANK, THE CHAPTER 13 TRUSTEE, THE UNITED STATES TRUSTEE, ALL INTERESTED PARTIES, AND THEIR ATTORNEYS OF RECORD:

**RELIEF REQUESTED**

Debtor STEPHANIE ANN CHITWOOD moves pursuant to 11 U.S.C. §§ 506(a), and 1322(b)(2), FRBP Rule 3012, and Local Bankruptcy Rule 3015-1(i), for an order valuing the secured claim of Creditor M & T BANK on Debtor's real property located at 1629 2nd Ave, Olivehurst, CA 95961, at $87,489.00.

**ALLEGED FACTS**

1. Debtor owns a piece of real estate located at 1629 2nd Ave, Olivehurst, CA 95961, APN: 013-431-001-000, in the County of Yuba ("Real Property"). The Real Property is not Debtor's principal residence.

2. On August 2, 2024, Debtor filed this Chapter 13 case. David Cusick is the duly appointed and acting Trustee to the bankruptcy estate.

3. On October 3, 2024, Creditor M & T Bank filed a proof of claim in this bankruptcy case in the amount of $198,372.31 (Claim 4-1). M & T Bank claims that all $198,372.31 of its claim is secured by a recorded Deed of Trust on Debtor's Real Property.

4. The value of the Real Property is only $87,489.00. This is because the house on the Real Property was destroyed by flooding.

5. The County of Yuba has assessed the value of the Real Property as Land with no Improvements at $87,489.00.

**POINTS AND AUTHORITIES**

Bankruptcy Rule 3012 provides that the court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest after a hearing on notice to the holder of the secured claim.

Local Bankruptcy Rule 3015-1, (i) provides that if a proposed plan will reduce or eliminate a secured claim based on the value of its collateral, the debtor must file, serve, and set for hearing a valuation motion and/or a lien avoidance motion. The hearing must be concluded before or in conjunction with the confirmation of the plan. If a motion is not filed, or it is unsuccessful, the Court may deny confirmation of the plan.

Bankruptcy Code § 1322(b)(2) provides that a Chapter 13 plan may modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence. Here the Real Property is not Debtor's principal residence. In fact there is no residence on the property at all.

Bankruptcy Code § 506(a)(1) provides that an allowed claim of a creditor secured by a lien on property in which the estate has an interest, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or

use or on a plan affecting such creditor's interest. Here, the value of M & T's interest in the Real Property is only $87,489.00, as determined by the County of Yuba tax assessor. Therefore M & T's claim is secured in the amount of $87,489.00, and the rest of M & T's claim is unsecured.

## CONCLUSION

WHEREFORE, Debtor prays that the Court determine that the value of Debtor's Real Property located at 1629 2nd Ave, Olivehurst, CA 95961 is $87,489.00, that the claim of creditor M & T Bank is secured in the amount of $87,489.00, and that the remainder of M & T Bank's claim is unsecured.

Date: October 14, 2024

/s/ Evan Livingstone
Evan Livingstone
Attorney for Debtor