**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br>Stephanie Ann Chitwood,<br>　　　　　Debtor. | ) Case No. 24-23447 - A - 13<br>) Docket Control No. DWE-1<br>) Document No. 25<br>) Date: 10/22/2024<br>) Time: 9:00 AM<br>) Dept: A |

**Order**

IT IS ORDERED that the hearing on this objection will be continued to December 3, 2024, at 9:00 a.m. The court may rule in this matter without further hearing.

IT IS FURTHER ORDERED that no later than November 5, 2024, the debtor(s) shall do one of the following:

(A)  <u>File a Statement of No Opposition</u>.  If the debtor(s) agree that the creditor's objection is well taken, the debtor(s) shall concede the merits and file a statement of non-opposition to the objection. L.R. 230(c) ("A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect..."); LBR 1001-1(c)-(d) (omitting the applicability of L.R. 230 unless the court orders otherwise);

(B)  <u>Respond in Writing to the Objection</u>.  If the debtor(s) disagrees with the creditor's objection, the debtor(s) shall file and serve a written response to the objection; the response shall specifically address each issue raised in the creditor's objection to confirmation, state whether the issue is disputed or undisputed, and include admissible evidence in support of the debtor's position.  If the debtor(s) file a response under paragraph 3(B) of this order, then the creditor shall file and serve a reply, if any, no later than November 19, 2024. The evidentiary record will close after November 19, 2024; or

(C)  <u>File a Modified Plan</u>.  If the debtor(s) wish to resolve the creditor's objection by filing a modified plan, then the debtor(s) shall: (1) file and serve a modified Chapter 13 plan; and (2) file and serve a motion to confirm the modified plan.

[25] - Objection to Confirmation of Plan by M&T Bank [DWE-1] Filed by Creditor M&T Bank (smis)

IT IS FURTHER ORDERED that any stipulation between the parties resolving this matter must be approved and signed by the Chapter 13 trustee prior to filing with the court. The trustee's signature on the stipulation warrants that the terms of the proposed stipulation do not impact the plan's compliance with 11 U.S.C. § 1325(a).

Dated: October 24, 2024

Fredrick E. Clement
United States Bankruptcy Judge