**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

In re:                                    Case No. 24-23447-A-13

STEPHANIE ANN CHITWOOD,                   FEC-1

                Debtor.

**Order to Show Cause Directed to Evan Livingstone, Attorney at Law**

Since it is true that:

1.    Facts

     A.    on August 3, 2024, Stephanie Ann Chitwood (hereinafter "Chitwood"), filed a skeletal Chapter 13 bankruptcy; Evan Livingstone, SBN 252008, ("respondent counsel") was the counsel of record, Vol. Pet., ECF No. 1;

     B.    Prior to filing, respondent Livingstone received a $2,000 retainer from Chitwood, Disclosure of Compensation, ECF No. 8;

     C.    David P. Cusick was named the Chapter 13 trustee;

     D.    on August 19, 2024, with Livingstone's assistance, Chitwood filed the schedules and statements, as well as a Chapter 13 plan, ECF No. 12-16;

     E.    on September 19, 2024, the trustee conducted the meeting of creditors, 11 U.S.C. § 341;

     F.    thereafter, the Chapter 13 trustee and secured creditor M & T Bank objected to confirmation, ECF Nos. 21, 25;

     G.    on December 3, 2024, the court sustained the objections to confirmation, Orders, ECF No. 56-57;

     H.    Chitwood has not filed a further plan;

     I.    On March 17, 2025, trustee Cusick filed a motion to dismiss the case citing the debtor's failure to confirm a plan; Mot., ECF No. 58; the hearing was noticed for hearing for April 15, 2025;

     J.    In response, both Chitwood, acting pro se, and Livingstone filed opposition the motion to dismiss, Oppos. ECF No. 66-67:

2

1          (i)     Livingstone's opposition in its entirety

2                  stated:

3                  Debtor STEPHANIE ANN CHITWOOD opposes
                   the Chapter 13 Trustee's Motion to
4                  Dismiss her Chapter 13 Case.  It is true
                   that Debtor has not amended her Chapter
5                  13 Plan or filed a new motion to value
                   the lien of creditor M&T Bank. However,
6                  she is current on her payments under her
                   filed plan.  Debtor believes that she
7                  will be able to provide new evidence to
                   support her valuation and/or an amended
8                  plan, and requests that the Court gives
                   her an additional month in which to
9                  confirm a plan[;]

10         (ii)    Chitwood's opposition extended 16 pages;

11     K.   originally, the court intended to grant the trustee's

12          motion without hearing; on April 15, 2025, Chitwood,

13          acting pro se, appeared in court.

14     L.   Chitwood explained that since December 2024, attorney

15          Livingstone had refused to communicate with her about

16          her case; in response, the court took testimony from

17          Chitwood as to the extent of Livingstone's lack of

18          communication and failure to prosecute the case; a

19          transcript of that testimony is appended hereto as

20          Exhibit A;

21   2.   Law

22     A.   11 U.S.C. § 329(b) authorizes this court to disgorge

23          fees where the retainer received exceeds the value of

24          the services rendered;

25     B.   California Rules of Professional Conduct require an

26          attorney to act with diligence, Rule 1.3, and to

27          communicate with clients, Rule 1.4; and

28   3.   Based on the failure of Livingstone to confirm a plan on

behalf of Chitwood, despite the passage of eight months and the lack of communication with Chitwood, it appears that respondent attorney has: (A) failed to render services that are valued at $2,000; and (B) violated California Rules of Professional Conduct regarding diligence and communication.

It is hereby ordered that:

1.  on **June 10, 2025, at 9:00 a.m.** respondent counsel, Evan Livingstone is ordered to appear, personally or by means of remote transmission, e.g., telephone or other electronic means, pursuant to General Order 23-02, before **Judge Fredrick E. Clement, Chief Bankruptcy Judge, at Department A, Courtroom 28, Seventh Floor, United States Courthouse, 501 I Street, Sacramento, California,** and to show cause, if any there be, why this court should not disgorge some or all of the retainer received, i.e., $QZ;

2.  not later than **May 13, 2025,** respondent Evan Livingstone, shall file and serve detailed written opposition to this order to show cause in the form of admissible evidence addressing: (A) communication with Chitwood; and (B) time spent (including time records for each timekeeper or, if not available, a detailed description of work undertaken on behalf of the client and by name/capacity of each person undertaking that work);

3.  not later than **May 20, 2025,** the United States Trustee and the Chapter 13 trustee may file a response;

4.  the debtor(s), Stephanie Chitwood is invited to participate at the hearing on this matter; and

5.  the United States Trustee and the Chapter 13 trustee are

1    invited to rise at the hearing and be heard, and;

2  6.    absent written opposition or response by any party, the

3        court intends to rule on this matter without further notice

4        or hearing.

5

6  **Dated:** April 24, 2025

7

8        Fredrick E. Clement
         **United States Bankruptcy Judge**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit

# A

1    IN THE UNITED STATES BANKRUPTCY COURT

2    EASTERN DISTRICT OF CALIFORNIA

3    ---o0o---

4

5    IN RE:

6    STEPHANIE CHITWOOD,

7        Debtor.

8    _____

9    CASE NO. 24-23447-A-13

10

11

12

13    TRANSCRIPT OF AUDIO RECORDING

14    BEFORE HONORABLE JUDGE FREDRICK CLEMENT

15    APRIL 15, 2025

16

17

18

19    ALSO APPEARING:

20    Kristen Koo, Trustee

21

22    Proceedings recorded by digital sound recording.

23

24    TRANSCRIBED BY:
         Julie Thompson, CET-1036
         Thompson  Transcription / (209) 552-5229

25

1    24-23447-A-13

2    APRIL 15, 2025

3                    P R O C E E D I N G S

4            THE COURT:  Have someone in the courtroom.

5    I suspect I've missed your matter.  Are you here on

6    a matter?

7            UNIDENTIFIED FEMALE:  Yes.

8    (Indiscernible)

9            THE COURT:  Why don't you step forward to

10   the microphone.  We'll get your name.

11           Ms. Busch, as soon as you can figure out

12   which --

13           What is your name?

14           MS. CHITWOOD:  Stephanie Chitwood.

15           THE COURT:  You're Stephanie Chitwood?

16           MS. CHITWOOD:  Yes.

17           THE COURT:  And are you the debtor, or is

18   it somebody else?

19           MS. CHITWOOD:  I am the debtor.

20           THE COURT:  All right.  Let's take a look.

21           THE CLERK:  Your Honor, it's Item Number

22   32, and it's a final ruling.

23           THE COURT:  Okay.  You're attorney, is it

24   Evan Livingston?

25           MS. CHITWOOD:  Yes.

1          THE COURT:  Unfortunately, your case was

2    dismissed, and I don't think it was opposed.  Was

3    it --

4          MS. CHITWOOD:  Yes.  I believe I submitted

5    a motion for opposition on April 1st.

6          THE COURT:  Okay.  Let me take a look.

7          Was there opposition?

8          THE CLERK:  Yes.  April 1st, Docket Number

9    67.

10          THE COURT:  Okay.  Let me take a look at

11    my notes on this.

12          I'm looking at my notes.  This case was

13    filed August 3rd of last year.  And unfortunately,

14    your case has been dismissed for failure to get a

15    plan confirmed.

16          MS. CHITWOOD:  Okay.

17          THE COURT:  And this wasn't ruled on.  I'm

18    going to ask you to call your attorney and work on

19    this problem.  There are ways to fix this, either

20    by a motion to request the matter be reconsidered

21    or to refile the case.  But we didn't get a plan

22    filed, so the case was dismissed, and you need to

23    speak with your attorney.

24          MS. CHITWOOD:  I've been trying to do that

25    the last few months, and I haven't heard back.

```
 1               THE COURT:  Really?
 2               MS. CHITWOOD:  So that's why I'm here
 3     today.
 4               THE COURT:  Your attorney won't return
 5     your calls?
 6               MS. CHITWOOD:  I was finally able to talk
 7     to him yesterday, but I had to take a week off in
 8     order to file the opposition and write it myself.
 9               THE COURT:  Oh.
10               MS. CHITWOOD:  So I'm not sure why a
11     motion --
12               THE COURT:  So how long -- you were able
13     to speak with your attorney?
14               MS. CHITWOOD:  Just as of yesterday and --
15               THE COURT:  How long you been trying?
16               MS. CHITWOOD:  For the last few months.
17     I've been trying to negotiate with the bank so that
18     we can come to a plan, but my last option to give
19     back to the bank was not received by the bank.
20               THE COURT:  Let me take a look at
21     something, please.
22               MS. CHITWOOD:  So, unfortunately, I was
23     not aware that plan was --
24               THE COURT:  Can you give me just a moment,
25     please?
```

1          MS. CHITWOOD:  Sure, absolutely.

2          THE COURT:  Thank you.

3          MS. CHITWOOD:  Thank you so much.

4          THE COURT:  Ms. Koo, I'm going to ask you

5     to remain on the line, please.

6          MS. KOO:  That's fine, Your Honor.  I'm

7     happy to do that.

8          THE COURT:  Ms. Busch, would you please

9     swear this witness.

10         (Stephanie Chitwood, sworn)

11         You're not in trouble.  Just answer my

12     questions truthfully, all is good.

13         We'll figure out about what's going on in

14     your case, but I'm troubled by some of the things

15     I'm hearing.

16         You are Stephanie Anne Chitwood, the

17     debtor in this case, right.

18         MS. CHITWOOD:  Correct.

19         THE COURT:  Your attorney is Evan

20     Livingston?

21         MS. CHITWOOD:  Yes.

22         THE COURT:  Correct?

23         MS. CHITWOOD:  Yes, correct.

24         THE COURT:  Got to answer audibly.

25         Okay.  This case was filed August 3rd of

1    last year?

2            MS. CHITWOOD:  Correct.

3            THE COURT:  You paid him $2000?

4            MS. CHITWOOD:  Correct.

5            THE COURT:  You're telling me he's not

6    answering your phone calls?

7            MS. CHITWOOD:  No.  He's not.

8            THE COURT:  Tell me about that over the

9    life of the case.

10           MS. CHITWOOD:  The last offer that I

11   received back from M&T was a loan modification, and

12   there were stipulations in there that I did not

13   agree to.  And I asked for that to be sent back to

14   the bank.  The response that I got even yesterday

15   was that I can continue to negotiate, but --

16           THE COURT:  I'd like to know about non-

17   communication from your attorney.  How long has

18   that been going on?

19           MS. CHITWOOD:  I can verify my -- my

20   emails.  The last that I spoke with him was -- I

21   want to say back in December.

22           THE COURT:  Okay.  So you need to check

23   emails, but you have been trying to communicate

24   with him since -- since December?

25           MS. CHITWOOD:  Yes.

1          THE COURT:  How have you communicated with

2    him - email, or phone call, or in-person visits?

3    What have you done?

4          MS. CHITWOOD:  Email or text because I

5    would prefer to have a written --

6          THE COURT:  Understand.  Did he or anyone

7    on his staff respond?

8          MS. CHITWOOD:  No.

9          THE COURT:  Never.

10         MS. CHITWOOD:  No.  The last I tried to

11   find out was the week before the April 1st, and I

12   also asked for an extension if he could file one

13   April 1st.  And I did not hear until after 5

14   o'clock.

15         THE COURT:  So you've been trying to reach

16   him since December, and you've been doing so by

17   email or text?

18         MS. CHITWOOD:  The last that he mentioned

19   was around December that it was just going to be

20   dismissed because I would not agree to the

21   stipulations that they had set.

22         THE COURT:  Understood.  But what I'm

23   trying to ask you is: you've been asking him to

24   communicate.  There's a problem with the mortgage

25   lender bank; is that it?

1          MS. CHITWOOD:  Correct.

2          THE COURT:  And you've been trying to

3   communicate with him since December?

4          MS. CHITWOOD:  Correct.

5          THE COURT:  How many times have you tried

6   to communicate with him, whether it's by text,

7   email, in-person visit, phone, or any other means?

8          MS. CHITWOOD:  It was constantly until --

9   until he decided not to --

10         THE COURT:  Like how many times you think?

11  Can you estimate?  Just give me your best estimate.

12         MS. CHITWOOD:  I would say -- well,

13  between August and December it was -- it was pretty

14  regular.

15         THE COURT:  Okay.

16         MS. CHITWOOD:  So within --

17         THE COURT:  But you said he hasn't been

18  talking to you since December.

19         MS. CHITWOOD:  Correct.

20         THE COURT:  Was he talking to you before

21  that?

22         MS. CHITWOOD:  Yes.

23         THE COURT:  Regularly?

24         MS. CHITWOOD:  Yes.

25         THE COURT:  But he hasn't been talking to

1    you since December?

2          MS. CHITWOOD:  Correct.

3          THE COURT:  How many times have you asked

4    to communicate with him -- you know, you've said we

5    need to work on this.  Can you call me, or can you

6    text me?  How many times have you tried to

7    communicate with him between December and now?

8          MS. CHITWOOD:  The last -- I was waiting

9    for an answer back, and I hadn't heard anything.

10   So --

11         THE COURT:  I understand.  How many times

12   have you tried to communicate with him?

13         MS. CHITWOOD:  I would say twice between

14   April 1st.

15         THE COURT:  Just twice?

16         MS. CHITWOOD:  Twice, yeah.

17         THE COURT:  Only -- are you sure?

18         MS. CHITWOOD:  Correct.

19         THE COURT:  Okay.  And he just got back to

20   you yesterday?

21         MS. CHITWOOD:  Yes.

22         THE COURT:  And I'm seeing an opposition.

23         Ms. Buch, the debtor filed opposition.

24   Was that Number 66?

25         THE CLERK:  Yes.  There's two, 66 and 67

1  for some reason.

2          THE COURT:  Okay.  And you prepared these

3  yourself.  He didn't do it?

4          MS. CHITWOOD:  Correct.

5          THE COURT:  Did you tell him you wanted to

6  oppose this?

7          MS. CHITWOOD:  I did.  And I did not hear

8  anything back.

9          THE COURT:  And he didn't -- he didn't

10  file it; you did?

11          MS. CHITWOOD:  No.  Yes.  The last I had

12  tried to reach out to him was Wednesday before the

13  1st.  And after that, since I did not hear back

14  that day, I took the rest of my workweek off and

15  worked on it.

16          THE COURT:  Really?  So you had to take a

17  week off work because he didn't do his job?

18          MS. CHITWOOD:  Correct.  My workweek is

19  between three and a half days or so.

20          THE COURT:  I'm sorry.  Your work is how

21  much?

22          MS. CHITWOOD:  About three days, about

23  three and a half days.

24          THE COURT:  How much money you think you

25  lost because you had to take time off work?

1          MS. CHITWOOD:  Quite a bit.

2          THE COURT:  Tell me about that.

3          MS. CHITWOOD:  So I'm a massage therapist,

4   and so my -- my time is my commission along with my

5   tips.  So --

6          THE COURT:  I understand.  What -- what do

7   you think you would have made?

8          MS. CHITWOOD:  In a day between 200 to

9   $300.

10         THE COURT:  So using the mid-range, 250,

11  you probably lost 750 or maybe 800 or 850, three

12  and a half, something like that?

13         MS. CHITWOOD:  Correct.

14         THE COURT:  So you were texting him and

15  saying oppose, and he didn't?

16         MS. CHITWOOD:  I did not --

17         THE COURT:  Okay.

18         MS. CHITWOOD:  -- hear anything back.

19         THE CLERK:  Your Honor.

20         THE COURT:  Yes.

21         THE CLERK:  So it appears Ms. Chitwood

22  filed Number 66, and Mr. Livingston filed Number

23  67, but it has a hearing date of December 3, 2024.

24         THE COURT:  And were these timely filed,

25  or are they late?

1        THE CLERK:  They were both filed on the

2    1st.

3        THE COURT:  Which would be timely for

4    today.

5        THE CLERK:  Which -- yes.

6        THE COURT:  Well, okay.

7        Ms. Koo?

8        MS. KOO:  Yes, Your Honor.

9        THE COURT:  Not entirely happy with what

10   I'm hearing here.  Would the Trustee be agreeable

11   to vacating the tentative -- the ruling on 32,

12   continuing it out, and asking Mr. Livingston to

13   appear and explain?

14       MS. KOO:  I would not oppose that, Your

15   Honor.  The debtor has been making plan payments

16   and for the most part has remained current in plan

17   payments.  It just does look like her attorney has

18   failed to prosecute the case.

19       THE COURT:  Is that the Trustee's

20   impression as well aside from what the debtor has

21   said today?

22       MS. KOO:  Yes, Your Honor.

23       THE COURT:  Tell me about that, Ms. Koo.

24   Why -- what are the facts you look at to suggest

25   that this is counsel's problem as opposed to the

1   debtor's situation?

2          MS. KOO:  We have -- we objected at

3   confirmation.  We did not -- the -- Your Honor, we

4   -- excuse me.  Let me start over.

5          The Trustee objected to confirmation as

6   well as the creditor objected to confirmation.  The

7   Court set those out on briefing schedules.  The

8   debtor's attorney failed to file anything in

9   response to either of those briefing schedules, and

10  confirmation was denied.

11         THE COURT:  On what date?

12         MS. KOO:  Let me check, Your Honor.  It

13  looks like that confirmation --

14         THE COURT:  Well, it looks like October.

15         MS. KOO:  The October date is the original

16  objection to confirmation.  The briefing schedules

17  continued the hearing to December 3rd.

18         THE COURT:  Okay.

19         MS. KOO:  And then it looks like there's

20  been no action since then other than our motion to

21  dismiss.

22         THE COURT:  Thank you.

23         Ms. Busch, what is our earlier mid-June

24  date?

25         THE CLERK:  Your Honor, you have June 10th

1   and June 24th.

2          THE COURT:  Is the 24th that date that I'm

3   date I'm traveling and is already kind of a mess?

4          THE CLERK:  You're correct.  You are

5   correct.

6          THE COURT:  I'm going to continue -- I'm

7   going to strike the prehearing disposition on 32,

8   and the case will remain alive.  And I am going to

9   continue this to June 10th at 9:00 a.m.

10         I am also going to order a copy of the

11  transcript of the things that the debtor had told

12  me today.  Thank you.

13         Ms. Busch, how long do those take to get

14  on a regular schedule?

15         THE CLERK:  I can ask for an expedited, so

16  maybe a week.

17         THE COURT:  Without expediting, how much?

18         THE CLERK:  Depending on the reporter, not

19  longer than -- for such a short hearing, probably

20  two weeks maybe.

21         THE COURT:  We don't need to expedite, but

22  do order that.  And I want to be informed as soon

23  as that comes in, please.

24         I'm going to bring this case back, and

25  we're going to ask your attorney to show up.  And

1　　we're going to see what we can do here.  So June

2　　10th at 9:00 a.m., and we'll work on this.  Thank

3　　you for coming down.

4　　　　　　MS. CHITWOOD:  Thank you so much.  I

5　　appreciate it.

6　　　　　　(Hearing adjourned at 10:09 a.m.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                CERTIFICATE OF TRANSCRIPTIONIST

2          I certify that the foregoing is a true and

3     accurate transcript of the digital recording

4     provided to me in this matter.

5          I do further certify that I am neither a

6     relative, nor employee, nor attorney of any of the

7     parties to this action, and that I am not

8     financially interested in the action.

9

10

11

12     _____

13     Julie Thompson, CET-1036

14

15

16

17

18

19

20

21

22

23

24

25

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC and, if checked __X__, via the U.S. mail.

| **Debtor**(s) | **Attorney for the Debtor**(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | **Office of the U.S. Trustee**<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA  95814 |
| **Evan Livingstone**<br>2585 Sebastopol Rd, Unit 7265<br>Santa Rosa, CA  95407 | **Evan Livingstone**<br>Wade Litigation, APC<br>262 E Main St.<br>Los Gatos, CA  95030-6107 |